IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

INDIA SMITH                                                                    PLAINTIFF

v.                              Case No. 3:22-cv-00198-KGB

TABLETOPS UNLIMITED INC.                                                       DEFENDANT

### ORDER

Before the Court is plaintiff India Smith's first set of motions *in limine* and incorporated memorandum of law (Dkt. No. 40). Defendant Tabletops Unlimited, Inc. ("TTU") responded to the motion (Dkt. No. 64). The Court rules as follows.

As to those matters about which the Court grants an *in limine* motion, all parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments, or otherwise, either directly or indirectly, concerning the matters about which the Court grants an *in limine* motion, without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case. Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter.

**Ms. Smith's motion *in limine* number 1:**

Ms. Smith moves to exclude any reference, evidence, and argument regarding the purported fault or negligence of other non-parties, including testimony and statements by witnesses regarding the Chinese manufacturer of the subject pressure cooker, pursuant to Federal Rules of Evidence 402 and 403 and the legal authorities cited (Dkt. No. 40, at 2-3). TTU concurs that, pursuant to Arkansas Code Annotated § 16-64-122 and Arkansas Code Annotated § 16-55-201(a),

fault can only be distributed among the named parties in this matter (Dkt. No. 64, at 1).  The Court understands that TTU does not object to this motion (*Id.*).

The Court grants Ms. Smith's motion *in limine* number 1 without objection.

**Ms. Smith's motion *in limine* number 2:**

Ms. Smith moves to exclude any reference, evidence, and argument that TTU is "only the distributor or seller" of the pressure cooker, asserting that such evidence or comment is irrelevant and prejudicial and citing Federal Rules of Evidence 401, 402, and 403 (Dkt. No. 40, at 3).  TTU concurs that, pursuant to both the Arkansas Products Liability Act, Arkansas Code Annotated § 16-116-202(6)(B), and the Consumer Products Safety Act, 15 U.S.C. § 2052(a)(8), a distributor is listed as being potentially liable for products it distributes (Dkt. No. 64, at 1-2).  However, TTU takes issue with Ms. Smith's citation to the Consumer Products Safety Act as a whole for reasons explained in its response (Dkt. No. 64, at 1-2).

The Court grants Ms. Smith's motion *in limine* number 2 generally as to claims that TTU was only the distributor or seller of the pressure cooker or other statements suggesting that as a mere distributor TTU is not liable.  To the extent TTU seeks a modification of this Order based on its concerns regarding Ms. Smith's citation to the Consumer Products Safety Act as a whole, TTU may move for a modification of this Order.

**Ms. Smith's motion *in limine* number 3:**

Ms. Smith moves to exclude any reference, evidence, and argument that Ms. Smith has received, will receive, or will become entitled to receive benefits of any kind or character from a collateral source, including but not limited to the following:  (a) benefits from collateral insurance coverage; (b) funeral benefits; (c) services furnished without charge; (d) compensation for time not actually worked; (e) Social Security or pensions; (f) worker's compensation benefits; (g)

Medicare or Medicaid benefits; and (h) any other governmental or charitable benefits or any other collateral source benefits/payments (Dkt. No. 40, at 3-4). Ms. Smith cites Federal Rules of Evidence 401, 402, and 403, along with additional legal authorities (*Id.*). In response, TTU states that it "recognizes Plaintiff's Motion *in Limine* No. 3 and neither concurs or objects to same." (Dkt. No. 64, at 2).

The Court grants Ms. Smith's motion *in limine* number 3.

**Ms. Smith's motion *in limine* number 4:**

Ms. Smith moves to exclude any reference, evidence, and argument regarding the circumstances surrounding the hiring of Ms. Smith's counsel pursuant to Federal Rules of Evidence 401 and 402 (Dkt. No. 40, at 4). In response, TTU states that it "recognizes Plaintiff's Motion *in Limine* No. 4 and neither concurs or objects to same." (Dkt. No. 64, at 2).

The Court grants Ms. Smith's motion *in limine* number 4 and extends this ruling to any reference, evidence, and argument regarding the circumstances surrounding the hiring of any party's counsel in this case.

**Ms. Smith's motion *in limine* number 5:**

Ms. Smith moves to exclude any reference, evidence, or argument that a monetary award to Ms. Smith would cause undue hardship to TTU or would otherwise result in a negative or detrimental impact on the financial wellbeing and/or viability of TTU (Dkt. No. 40, at 4-5). Ms. Smith argues that Federal Rules of Evidence 402 and 403 preclude any reference to evidence of this type (*Id.*). In response, TTU states that it "recognizes Plaintiff's Motion *in Limine* No. 5 and neither concurs or objects to same." (Dkt. No. 64, at 2).

The Court grants Ms. Smith's motion *in limine* number 5.

3

**Ms. Smith's motion *in limine* number 6:**

Ms. Smith moves to exclude any reference, evidence, and argument by defense counsel as to his or her personal belief concerning the credibility of any witness or as to the merits of plaintiff's claims, injuries, or damages as improper and prejudicial pursuant to the legal authorities cited (Dkt. No. 40, at 5).  TTU recognizes the motion and "joins Plaintiff's motion as to Plaintiff's counsel . . . ." (Dkt. No. 64, at 2).  TTU requests that this Court grant the motion as to both defense counsel and plaintiff's counsel (*Id.*).

The Court grants Ms. Smith's motion *in limine* number 6 and extends this ruling to any reference, evidence, and argument by any counsel as to his or her personal beliefs concerning the credibility of any witness or as to the merits of the claims, injuries, or damages in this case.

**Ms. Smith's motion *in limine* number 7:**

Ms. Smith moves to exclude any reference, evidence, and argument regarding Ms. Smith's financial status pursuant to Federal Rules of Evidence 402 and 403 (Dkt. No. 40, at 5).  TTU recognizes and concurs with the motion (Dkt. No. 64, at 3).

The Court grants Ms. Smith's motion *in limine* number 7 without objection.

**Ms. Smith's motion *in limine* number 8:**

Ms. Smith moves to exclude any reference, evidence, and argument regarding "horror stories of pressure cookers exploding under pressure" with at least one purpose of implying "that Ms. Smith somehow 'assumed the risk' of using TTU's pressure cooker." (Dkt. No. 40, at 5-6).  Ms. Smith cites several legal authorities (*Id.*).  TTU recognizes and concurs with the motion (Dkt. No. 64, at 3).

The Court grants Ms. Smith's motion *in limine* number 8 without objection.  By separate Order, the Court will address the motion filed by TTU regarding this evidence.

**Ms. Smith's motion *in limine* number 9:**

Ms. Smith moves to exclude any reference, evidence, and argument regarding references to the alleged comparative fault of Ms. Smith absent proof of contributory negligence or fault on the part of Ms. Smith (Dkt. No. 40, at 6).   Ms. Smith cites a legal authority (*Id.*).  TTU opposes this motion, with citation to several legal authorities (Dkt. No. 3-4).

The Court takes under advisement Ms. Smith's motion *in limine* number 9 and will hear further argument from counsel regarding this request at the pretrial hearing scheduled for April 19, 2024.

**Ms. Smith's motion *in limine* number 10:**

Ms. Smith moves to exclude any reference, evidence, and argument regarding Ms. Smith's motions *in limine* or the Court's rulings on the motions, citing Federal Rules of Evidence 401, 402, and 403 (Dkt. No. 40, at 6-7).

In response, TTU states that it "recognizes Plaintiff's Motion *in Limine* No. [10] and neither concurs or objects to same." (Dkt. No. 64, at 4).  TTU does request that, if the Court grants Ms. Smith's motion *in limine* in this regard, both parties be bound by the same rules regarding the mention of any and all motions *in limine* (*Id.*).

The Court grants Ms. Smith's motion *in limine* number 10 and extends this ruling to any reference, evidence, and argument by any counsel as to motions *in limine* filed, and the Court's rulings on the motions *in limine* filed, in this case.

It is so ordered this 18th day of April, 2024.

_____
Kristine G. Baker
Chief United States District Judge