IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

INDIA SMITH                                                                                           PLAINTIFF

v.                                    Case No. 3:22-cv-00198-KGB

TABLETOPS UNLIMITED INC.                                                                  DEFENDANT

## ORDER

Before the Court is the motion *in limine* filed by defendant Tabletops Unlimited, Inc. ("TTU") (Dkt. No. 42). Plaintiff India Smith responded to the motion (Dkt. Nos. 53–57). The Court rules as follows.

As to those matters about which the Court grants an *in limine* motion, all parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments, or otherwise, either directly or indirectly, concerning the matters about which the Court grants an *in limine* motion, without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case. Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter.

**TTU's Motion *In Limine* Number 1:**

TTU moves to exclude irrelevant evidence, testimony, and argument of alleged design defect theories pursuant to Federal Rules of Evidence 401, 402, and 403 (Dkt. Nos. 42–43). Ms. Smith responds in opposition to the motion (Dkt. No. 53).

To the extent TTU seeks to reargue issues related to proposed expert testimony, this Court has ruled on the pending *Daubert* motion and has denied, in part, and taken under advisement, in part, TTU's motion to strike and exclude Ms. Smith's proposed expert opinions and testimony

(Dkt. No. 59). Consistent with that Order, the Court will address the matters taken under advisement in that Order at the pretrial conference to be conducted in this case.

To the extent TTU raises additional arguments in an effort to exclude evidence of alleged design defect theories properly disclosed by Ms. Smith in this case, including but not limited to an argument that Federal Rule of Evidence 403 should bar Ms. Smith's claims of alleged design defects, TTU's motion *in limine* number 1 is denied.

**TTU's Motion *In Limine* Number 2:**

TTU moves to exclude as irrelevant and prejudicial evidence, testimony, and argument concerning other lawsuits and claims pursuant to Federal Rule of Civil Procedure 37(c)(1) and Federal Rules of Evidence 401, 402, and 403 (Dkt. Nos. 42; 44). In this motion, TTU seeks to exclude the deposition of Fred Rabizadeh disclosed by Ms. Smith in opposition to TTU's motion to strike Dr. Rondinone and Mr. King as expert witnesses (Dkt. No. 44, at 3). TTU also seeks to exclude as witnesses "plaintiffs from other pressure cooker cases" and their depositions (*Id.*). TTU takes the position that Ms. Smith failed to disclose timely these anticipated witnesses, asserts that such failure was not justified or harmless, and moves to exclude these anticipated witnesses citing Federal Rule of Civil Procedure 37(c)(1) (*Id.*). Citing Federal Rules of Evidence 401 and 402, TTU seeks to exclude such evidence, testimony, and argument to the extent Ms. Smith asserts that it is evidence of other incidents that may be relevant to TTU's notice of the existence of alleged defects because TTU takes the position that Ms. Smith will not be able to demonstrate the substantial similarity required for such incidents to be admissible (*Id.*, at 4–7). Further, TTU asserts that evidence of other incidents involving pressure cookers should be excluded pursuant to Federal Rule of Evidence 403 because any potential probative value of such incidents would be substantially outweighed by the highly prejudicial nature of the evidence (*Id.*, at 7–10).

Ms. Smith opposes TTU's motion *in limine* number 2 and submits a combined response in opposition to TTU's motion *in limine* number 2 and number 3 (Dkt. No. 54).

Mr. Rabizadeh's deposition testimony may be used for impeachment purposes only, as the Court understands that it was not previously disclosed to TTU.  Further, Mr. Rabizadeh's deposition testimony is subject to all other objections TTU wishes to raise to challenge its admissibility.

As for evidence of other incidents, the Court grants TTU's motion *in limine* number 2 and requires that, before introducing evidence, testimony, or argument regarding another incident, Ms. Smith outside the presence of potential jurors and the jurors seated to try this case meet the burden of demonstrating substantial similarity for each alleged prior incident, satisfying Federal Rules of Evidence 401, 402, and 403.

**TTU's Motion *In Limine* Number 3:**

TTU seeks to preclude Ms. Smith from presenting at trial previously undisclosed evidence, including but not limited to the deposition of Criselda Chavez, pursuant to Federal Rule of Civil Procedure 37(c)(1) (Dkt. No. 45, at 2–5).  Citing Federal Rules of Evidence 401 and 402, TTU again seeks to exclude such evidence to the extent Ms. Smith asserts that it is evidence of other incidents that may be relevant to TTU's notice of the existence of alleged defects because TTU takes the position that Ms. Smith will not be able to demonstrate the substantial similarity required for such incidents to be admissible (*Id.*, at 5–8).  Further, TTU asserts that evidence of other incidents involving pressure cookers should be excluded pursuant to Federal Rule of Evidence 403 because any potential probative value of such incidents would be substantially outweighed by the highly prejudicial nature of the evidence (*Id.*, at 8–10).

Ms. Smith opposes TTU's motion *in limine* number 3 and submits a combined response in opposition to TTU's motion *in limine* number 2 and number 3 (Dkt. No. 54).

As for evidence of other incidents, the Court grants TTU's motion *in limine* number 3 and requires that, before introducing evidence, testimony, or argument regarding another incident, Ms. Smith, outside the presence of potential jurors and the jurors seated to try this case, meet the burden of demonstrating substantial similarity for each alleged prior incident, satisfying Federal Rules of Evidence 401, 402, and 403.

Specifically, with respect to the testimony of Ms. Chavez, Ms. Smith clarifies that Ms. Chavez will not appear as a live witness but instead only that her deposition may be relied upon by Ms. Smith (Dkt. No. 54, at 8 n.8). Essentially, the Court understands Ms. Smith to take the position that a failure to disclose Ms. Chavez was harmless, given TTU's knowledge of that parallel case (*Id.*, at 10). The Court takes this specific issue of the disclosure of Ms. Chavez as a potential witness, even through the use of her deposition, under advisement and requests that TTU address the issue of the alleged harm caused by this disclosure.

**TTU's Motion *In Limine* Number 4:**

TTU seeks to preclude Ms. Smith from calling as a witness at trial any fact witness who was not previously disclosed, including but not limited to Melinda Colvin (Dkt. Nos. 42; 46). To the extent TTU seeks to preclude Ms. Smith from calling Ms. Colvin as a witness in this matter, Ms. Smith does not object to the request (Dkt. No. 55, at 1). TTU does not identify any other witness with regard to this motion *in limine*, and Ms. Smith makes no further argument in its response to this motion *in limine*.

The Court grants TTU's motion *in limine* number 4 to the extent TTU seeks to preclude Ms. Smith from calling Ms. Colvin as a witness in this matter (Dkt. No. 42). To the extent TTU

4

seeks to exclude other fact witnesses it claims were not previously disclosed, TTU must make a specific objection as to that witness.

**TTU's Motion *In Limine* Number 5:**

TTU seeks to preclude Ms. Smith from disclosing "information regarding her childhood trauma and other traumatic events in her life" that TTU contends "are wholly irrelevant to this case." (Dkt. No. 47, at 3). The Court understands TTU to object to this evidence on the basis of Federal Rules of Evidence 401, 402, and 403.

Ms. Smith agrees with TTU that her "'past trauma' is irrelevant to this case" and that she has no intention of addressing it at trial (Dkt. No. 56, at 1). However, Ms. Smith opposes the remainder of the motion and maintains that the motion is too overly broad and generalized to be appropriate (*Id.*).

Based on the parties' agreement, the Court will grant TTU's motion *in limine* number 5 with regard to evidence, testimony, and argument about Ms. Smith's past trauma (Dkt. No. 42). The Court denies the remainder of TTU's motion *in limine* number 5 and requires TTU to make specific objections to such evidence, testimony, and argument at trial.

**TTU's Motion *In Limine* number 6:**

TTU seeks to preclude Ms. Smith from making any "'Reptile Theory' and/or 'Golden Rule' argument" in *voir dire* and throughout the course of the trial (Dkt. No. 48, at 2–3). According to TTU, these arguments generally inform jurors "that they have the power to improve the safety of themselves, their family members, and their community by rendering a verdict that will reduce or eliminate a danger. . . ." (*Id.*, at 2). TTU asserts that the Reptile Theory relates to mentions of non-specific "safety rules" and suggestions that only a verdict for plaintiff will keep the community safe (*Id.*, at 3–5). According to TTU, the Golden Rule argument "urges the jury to

place themselves in a party's position to allow recovery as they would want if they were the party." (*Id.*, at 5).

Ms. Smith agrees with TTU's motion to the extent TTU seeks to preclude Golden Rule evidence, testimony, and argument, representing that she "has no intent of employing this tactic." (Dkt. No. 57, at 1). However, Ms. Smith opposes the motion to the extent TTU requests exclusion of Reptile Theory evidence, testimony, and argument (*Id.*, at 1–4). As Ms. Smith explains, granting a motion to preclude so-called Reptile Theory evidence, testimony, and argument would be unduly prejudicial to her ability to try her case, given that "the discussion of legal requirements, rules, regulations, and safety are core to any discussion of liability in a tort claim. . . ." (*Id.*, at 2).

Based on the parties' agreement, the Court will grant TTU's motion *in limine* number 6 with regard to evidence, testimony, and argument about the Golden Rule (Dkt. No. 42). The Court denies the remainder of TTU's motion *in limine* number 6 that relates to Reptile Theory and requires TTU to make specific objections to such evidence, testimony, and argument at trial.

It is so ordered this 3rd day of March, 2025.

_____
Kristine G. Baker
Chief United States District Judge